OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Pizzedaz.
[Cite as Disciplinary Counsel v. Pizzedaz (1994),      Ohio St.3d      .]
Attorneys at law -- Misconduct -- Permanent disbarment --
    Conviction of five counts of theft in office and one count
    of tampering with records.
    (No. 93-2176 -- Submitted December 7, 1993 -- Decided March 23, 1994.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-47.
    By complaint filed August 17, 1992, relator, Office of Disciplinary Counsel, charged respondent, Frederick E. Pizzedaz, last known residence in Mentor, Ohio, Attorney Registration No. 0032796, with two counts of misconduct, each involving violations of DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (conduct that adversely reflects on an attorney's fitness to practice law). In his answer, respondent admitted that in September 1991 he pled guilty to five counts of theft in office, in violation of R.C. 2921.41, and one count of tampering with records, in violation of R.C. 2913.42.1 The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on May 14, 1993.
    The events underlying respondent's felony convictions are established by stipulations and his testimony before the panel. From 1973 until April 1989, respondent served as the executive director of the Northeast Ohio Area Coordinating Agency ("NOACA"), which acquires funding for and coordinates local government planning and development in that region. In 1983, respondent requested and was reimbursed by NOACA twice for his travel on a single business trip -- once for an airline ticket he never purchased and once for a rental car and overnight accommodations. In 1985, he apparently altered a hotel bill and was reimbursed by both the agency and the hotel for certain charges incurred on a business trip. Also in 1985, respondent accounted falsely for a business expense and was

reimbursed by NOACA for an airline ticket that cost significantly less than he had represented. In 1986, he endorsed a NOACA check to purchase for himself the car previously leased by the agency for his use. Finally, in 1988, respondent again reported a false business expense and was reimbursed for another airline ticket for more than the ticket cost.

Respondent was sentenced to a prison term of three years and ordered to pay over $12,000 in restitution. After serving one hundred eighteen days of his sentence, respondent was released on shock probation. He was then placed on five years' probation and ordered to complete two thousand hours of community service. Respondent has made restitution as ordered and, as of the panel hearing, had completed approximately seven hundred fifty hours of community service.

Based on this evidence, the panel found that respondent had committed the misconduct charged by relator. The panel recommended that respondent be suspended indefinitely from the practice of law. The board adopted the panel's findings and recommendation.

Geoffrey Stern, Disciplinary Counsel, and Alvin E, Mathews, Assistant Disciplinary Counsel, for relator.

Gold, Rotatori, Schwartz, & Gibbons Co., L.P.A., and John S. Pyle, for respondent.

Per Curiam. We agree with the board's findings that respondent violated DR 1-102(A)(3), (4) and (6). However, we reject the indefinite suspension the board recommended. Respondent's misconduct manifests the public's worst fear about lawyers. His crimes prove that he will take advantage of public trust if given the opportunity. Thus, unlike the board and panel, we are not impressed with respondent's admission of guilt, remorse, full restitution, and efforts to comply with the terms of his probation. Rather, we find respondent's dishonesty deserving of the full measure of our disciplinary authority. Respondent is therefore permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas and Wright, JJ., dissent.

FOOTNOTE

1    These felony convictions resulted in respondent's interim suspension from the practice of law in Ohio pursuant to Gov.Bar R. V(9)(a)(iii) (now Gov.Bar R. V[5][A][3]).

Douglas, J., dissenting.    I respectfully dissent.  I would follow the recommendation of the Board of Commissioners on Grievances and Discipline and order that respondent be indefinitely suspended from the practice of law.

Wright, J., concurs in the foregoing dissenting opinion.